IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-00-CR-064 JRN |
| | § | |
| PHILIP ANTHONY RIVERA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on December 9, 2010, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.   PROCEDURAL BACKGROUND

On July 20, 2000, the Defendant was sentenced to 60 months of imprisonment and five years of supervised release on each of two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841, the sentences to run concurrently with each other.  Both terms of supervision commenced on February 27, 2004, when the Defendant was released from the Bureau of Prisons.

The Defendant was arrested for DWI in February 2005, and as a result was ordered to home confinement for 180 days, which he successfully completed.  That charge was later reduced to racing

on the highway, to which the Defendant pled guilty. On May 8, 2008, the Defendant was again arrested, and charged with drug offenses. Ultimately, on June 11, 2008, the Defendant was convicted in Travis County District Court on two charges, possession with intent to deliver cocaine, and possession with intent to deliver methamphetamine. He was sentenced to six year concurrent sentences. As a result of these convictions, the Probation Office submitted its Petition for Action, and a warrant for the Defendant's arrest was authorized by the undersigned on August 25, 2008. That warrant was not immediately executed, as the Defendant remained in state custody to serve his sentence for the state convictions.

The Defendant was paroled by the state on November 4, 2010. He was transferred into federal custody on that date in the Southern District of Texas. He was transferred to this District and made his initial appearance on November 18, 2010, and was initially set for a revocation hearing on November 22, 2010. The Defendant requested a continuance of that setting, and the hearing was reset for December 9, 2010. On that date, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petitions in each case. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pled "TRUE" to the violations alleged against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by committing two new state law offences.

### III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade A, and the Defendant's criminal history category is II, resulting in an (advisory) guideline range of 15 to 21 months of imprisonment. Having considered all of the

above, the undersigned RECOMMENDS that on each count the Defendant be sentenced to 15 months of imprisonment with no supervised release to follow. The Court FURTHER RECOMMENDS that the sentence on each count run concurrent to the other.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of December, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE